UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISON

---

ORVILLE GEISLER,

          Plaintiff,

    v.                                      Case No. 25-cv-00394

TORKE COFFEE COMPANY INC.,

          Defendant.

---

## ANSWER AND AFFIRMATIVE DEFENSES

---

NOW COMES Defendant, TORKE COFFEE COMPANY INC., ("Defendant"), by its attorneys, Lindner & Marsack, S.C., and as for its Answer and Affirmative Defenses to the complaint in the above-captioned case, admits, denies, and avers as follows:

### PRELIMINARY STATEMENT

1.      Answering paragraph 1 of the complaint, Defendant admits that this is an action for unpaid overtime wages, liquidated damages, and reasonable attorney fees and costs under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") but Defendant denies any violation of the aforementioned law or any other laws, denies that Plaintiff is entitled to any of the relief sought in this action, and denies the remaining allegations in the paragraph.

### JURISDICTION & VENUE

2.      Answering paragraph 2 of the complaint, Defendant avers that it cannot confer jurisdiction by admission and therefore, while Defendant admits the complaint raises a federal question, denies the court has subject matter jurisdiction due to the lack of a "live case or controversy," as detailed in the Affirmative Defenses.

3.      Defendant admits that venue is proper in this judicial district, based upon the allegations of the Complaint, but denies any unlawful practices occurred, denies that Plaintiff is entitled to any relief sought in this action, and denies the remaining allegations in paragraph 3.

## PARTIES

4.      Defendant admits.

5.      Defendant denies.

## FACTUAL BACKGROUND

6.      Defendant denies.

7.      Defendant admits.

8.      Defendant denies.

9.      Defendant denies.

10.     Defendant denies that Plaintiff worked overtime as alleged but admits the remaining allegations.

### Claim for Relief
### Count I: Violation of the Fair Labor Standards Act (Failure to Pay Overtime Wages)

11.     Defendant acknowledges that the Plaintiff alleges the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half (1½) times their regular rates of pay for hours worked in excess of forty (40) hours per week; however, Defendant denies Plaintiff worked overtime as alleged or, if he did work that time, denies that he was not paid for it.

12.     Defendant denies.

13.     Defendant denies.

14.     Defendant denies.

### AFFIRMATIVE DEFENSES

1.      Plaintiff's complaint fails to state a claim upon which relief may be granted.

2

2.     Plaintiff did not work the overtime hours alleged and, as such, Defendant is not liable to Plaintiff for any relief requested in the complaint.

3.     Defendant did not knowingly suffer or permit any work over 40 hours by Plaintiff, as it bans overtime work without advanced authorization at Defendant's workplace.

4.     Defendant prohibited overtime and did not have actual or constructive knowledge that Plaintiff worked over 40 hours in any given workweek during FLSA's statutory limitations period.

5.     Defendant is not liable for liquidated damages under the Portal-to-Portal Act, because Defendant acted in good faith and had reasonable grounds for believing that the alleged acts or omissions were not in violation of FLSA.

6.     Defendant is not responsible for any preliminary time spent prior to commencing work or any postliminary time spent following the completion of work such Plaintiff's driving to work and from work to home under the Portal-to-Portal Act, 29 U.S.C. § 254.

7.     Even if Plaintiff could establish he worked time over 40 hours on one or more occasions, prevailing Seventh Circuit case law provide a remedy limited to the half-time overtime premium instead of a time-and-a-half remedy because Plaintiff has already been paid for all straight-time hours worked.

8.     Even if Plaintiff could establish he worked time over 40 hours on one or more occasions, Defendant has tendered and will tender unconditional payments to the Plaintiff that are in an amount equivalent to or in excess of any alleged overtime, which renders Plaintiff's claim moot, deprives Plaintiff of standing and/or deprives this Court of subject matter jurisdiction as there is no longer a "case or controversy" under ARTICLE III of the CONSTITUTION OF THE UNITED

3

STATES such that, if the Court were to render an opinion in this matter, it would be a prohibited advisory opinion.

9. Because Plaintiff's claims have been rendered moot as a result of Defendant's unconditional payments to Plaintiff, Plaintiff is not entitled to any remedies conditioned upon being a prevailing party, such as liquidated damages, attorney's fees or costs.

10. Plaintiff is not entitled to a third year of allegedly unpaid compensation due to an alleged willful violation because the Defendant did not willfully violate the FLSA.

11. Plaintiff is not entitled to a third year of allegedly unpaid compensation due to an alleged willful violation because he did not work in the Route Jumper position until August 15, 2022 or thereabouts.

12. Defendants alleges that it reserves the right to assert, amend or add additional affirmative defenses that may be discovered during this action and may voluntarily withdraw any affirmative defense asserted

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests that the Court dismiss Plaintiff's complaint upon the merits, with prejudice and with full judgment costs and disbursements taxable herein.

Dated this 15th day of May 2025.

Respectfully Submitted,

**LINDNER & MARSACK, S.C.**
*Counsel for Defendant Torke Coffee Co., Inc.*

/s/ Daniel J. Finerty
Daniel J. Finerty
Wisconsin State Bar No. 1025406
411 E. Wisconsin Avenue, Suite 1800
Milwaukee, WI 53202-4498
Telephone: (414) 273-3910
dfinerty@lindner-marsack.com

4